UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Cr. No.  1:12-cr-01-JD |
| | ) | |
| **PRINCE SAGE** | ) | |

## GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

The United States of America, by John P. Kacavas, United States Attorney for the District of New Hampshire objects to the defendant's Motion for Downward Departure.  The PSR reflects a Total Offense Level of 24 and a Criminal History Category of II, resulting in a guideline range of 57 to 71 months.  The government moves for a sentence to include the imposition of a period of incarceration of 57 months.

## ARGUMENT

### THE FACTORS SET FORTH IN 18 U.S.C. §3553(a) SUPPORT A A SENTENCE OF 57 MONTHS

When imposing a sentence, the Court is required to consider the United States Sentencing Guidelines, but must ultimately fashion a sentence that is consistent with the factors detailed in 18 U.S.C. §3553(a).  The United States contends that, in light of the factors set forth in 18 U.S.C. §3553(a),  a 57-month sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing.

Title 18, United States Code, §3553(a) states, in part, that when determining a reasonable sentence, the court must consider:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

  (2)  the need for the sentence imposed –
    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)  to afford adequate deterrence to criminal conduct;
    (C)  to protect the public from further crimes of the defendant; and
    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

  1.  **The Nature and Circumstances of the Offense and the History and Characteristics of The Defendant.**

The nature and circumstances of the offenses are extremely serious as they involve the violent robbery of the Northeast Credit Union in Manchester, New Hampshire on December 19, 2011.

The facts, as recited in the PSR ¶10 through ¶15, reveal that on the day of the robbery, the defendant and co-defendant, Walter Williams,[1] entered the Northeast Credit Union located at 340 Wilson Street, at approximately noon, shouting for everyone to get on the floor. During the robbery, the defendant held what appeared to be a black handgun[2] and ordered customers to lie on the floor. He then approached one of the male customers, placed "an object" (believed to be the gun) into his right side and then took $1,100.00 the customer was trying to deposit. (PSR ¶11).

While the defendant brandished the gun and ordered the customers about, Williams violently grabbed a teller by her neck. He forced her into the back of the credit union to open the vault while repeatedly yelling at her, "What's more important, the money or your life?" (PSR ¶10). After getting the money from the safe, Sage and Williams fled the bank. The loss to the

---

  [1]Walter Williams has an extensive, violent, criminal history and was recently sentenced in this Court to 20 years for his participation in this and two other violent robberies.

  [2]Later recovered and determined to be a BB gun.

bank was $56,680.00.

Letters submitted by employees of the Northeast Credit Union show that this was clearly a terrifying event. Each one of them describe the robbery as a life-changing event with significant residual trauma. The nature and circumstances of this crime victimized several people, including one single mother who was threatened with death and physically assaulted, who were terrorized by the defendant and Williams.

The history and characteristics of this defendant include prior criminal activity. (PSR ¶36 to ¶38). While his prior convictions appear to be relatively minor drug offenses, he has now escalated his criminal behavior to violent bank robbery.[3]

A report submitted by Eric G. Mart, Ph.D. (Mart), suggests that the defendant suffers from a myriad of disorders which have led to a significant history of antisocial behavior and makes him likely to be impulsive and have difficulties with substance abuse. (Mart Report, p. 6). This conclusion seems to be evident in the defendant's admitted long-standing substance abuse and recent association with Williams, a violent recidivist felon.

Since the time of his arrest in this matter, the defendant has also been disruptive in prison, resulting in two disciplinary actions and segregation from other prisoners. (PSR¶ 6).

While the government does not dispute that the circumstances of the defendant's childhood and youth were tragically horrible, he has chosen, as an adult, to escalate his criminal conduct from drug possession to violent criminal behavior. The defendant is not currently before this Court on another charge of drug possession or a petty offense. The defendant participated in

---

[3]While his criminal record reflects minor drug convictions, the defendant has admitted significant drug use to the U.S. Probation Officer. (PSR ¶ 54).

a thoroughly planned, violent bank robbery which put several victims in fear for their lives.

    2.    **The Need for the Sentence Imposed to:**

**(A)    Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense.**

A sentence of 57 months will reflect the seriousness of the offense committed by the defendant and promote respect for the law.  Given the fact that the defendant has already served a minor sentence in the past and escalated his behavior to violent crime, a significant sentence is required to provide just punishment for the offense.

    **(B)    Need to Deter Future Criminal Conduct.**

Considerations regarding the "seriousness of the offense and 'adequate deterrence' are both factors which the district court is required to consider. United States v. Polk, 522 F.3d 69,73 (1st Cir. 2008).   The defendant requires specific deterrence from committing crime. His previous, minor period of incarceration clearly did not deter him from further criminal behavior.

The factors sent forth in §3553(a) "expressly provide for consideration of general deterrence: section 3553 (a)(2)(B) states that '[t]he court, in determining the particular sentence to be imposed, shall consider the need for the sentence imposed to afford adequate deterrence to criminal conduct.' General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some considerations of persons beyond the defendant." Id. at 74.  Sentencing this defendant to a guideline sentence which reflects the seriousness of his crimes, will promote deterrence by sending a message to society that crimes of this nature will be punished by a significant period of incarceration.

**(C)   Need to Protect the Public from the Defendant's Future Criminal Conduct.**

Clearly, the defendant's behavior demonstrates a danger to the public. He willingly participated in a crime which involved the use of threats and violence. His recent infractions in prison, which resulted in corrections officers using pepper spray to restrain him (PSR ¶6) demonstrate that he continues to pose a danger to the public. Sentencing the defendant to a period of 57 months will protect the public from any future criminal conduct during the period of his incarceration.

**(D)   Need to Provide Needed Treatment to Defendant.**

The defendant clearly had a traumatic upbringing and suffers from residual effects. The Mart Report submitted by the defendant recites a litany of diagnoses and opines the need for long-term structured therapy. A guideline sentence should give the defendant time to avail himself of appropriate treatment within a BOP facility while protecting the community from any violent proclivities.

## CONCLUSION

The government submits that the information set forth above indicates the need for a significant period of incarceration and treatment. The government submits that given the nature and circumstances of this crime, a sentence at the middle to high end of the guideline would not be inappropriate. To the extent that this Court finds the circumstances of the defendant's upbringing to be a mitigating factor, a sentence at the low end of the guideline would recognize that factor and meet the requirements set forth in 18 U.S.C. §3553(2): the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Accordingly, the United States asks that the Court deny the defendant's motion and impose a sentence of 57 months.

November 28, 2012                    Respectfully Submitted,

                                     JOHN P. KACAVAS
                                     United States Attorney


                                     By: /s/ Helen White Fitzgibbon
                                     Helen White Fitzgibbon
                                     Assistant U.S. Attorney
                                     N.H. Bar No. 6833
                                     53 Pleasant Street
                                     Concord, NH 03301
                                     603-225-1552


CERTIFICATION

I hereby certify that a copy of this pleading has been served via ECF, upon Paul Garrity, 14 Londonderry Road, Londonderry, NH 03053, counsel for the defendant.

                                     /s/ Helen White Fitzgibbon
                                     Helen White Fitzgibbon